1
2
3
4
5

CDF LABOR LAW LLP
    M. Leah Cameron, State Bar No. 274637
    lcameron@cdflaborlaw.com
600 Montgomery Street, Suite 440
San Francisco, California 94111
Telephone: (415) 981-3233

Attorney for Defendant
SAFELITE FULFILLMENT, INC.

6
7
8

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15

| | |
|---|---|
| WILLIE AUSTIN, JR., an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>           Plaintiff,<br><br>    v.<br><br>SAFELITE FULFILLMENT, INC., a Corporation, and DOES 1-50, inclusive,<br><br>           Defendants. | Case No.:<br><br>Removed from:<br>San Francisco County Superior Court<br>Case No. CGC-20-587314<br><br>DEFENDANT SAFELITE FULFILLMENT, INC.'S NOTICE OF REMOVAL<br><br>Action Filed:      October 21, 2020 |

16
17
18
19
20
21
22
23
24
25
26
27

# TABLE OF CONTENTS

**Page**

I.     PROCEDURAL HISTORY ................................................................. 6

II.    STATEMENT OF JURISDICTION ................................................... 6

III.   TIMELINESS OF REMOVAL ........................................................ 7

IV.    VENUE .......................................................................................... 7

V.     PROCEDURAL REQUIREMENTS ................................................ 7

VI.    DEFENSES ...................................................................................... 8

VII.   REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT ........................................ 8

       A.    Plaintiff's Action is Pled as a Class Action ........................................ 8

       B.    The Proposed Class Contains at Least 100 Members ............................... 8

       C.    There is Diversity Between at Least One Putative Class Member and One Defendant ............................ 9

       D.    The Amount in Controversy Exceeds $5,000,000 ................................... 10

             1.    Failure to Pay Lawful Wages, Failure to Provide Meal Periods, & Failure to Permit Rest Breaks ................. 13

             2.    Failure to Pay Wages Upon Separation of Employment and Within the Required Time ........................... 15

             3.    Failure to Pay Overtime ........................................... 17

             4.    Failure to Furnish Accurate Wage Statements ................. 18

             5.    Failure to Reimburse Business Expenses .................. 19

             6.    Attorneys' Fees ................................................. 20

VIII.  CONCLUSION ................................................................ 21

DEFENDANT SAFELITE FULFILLMENT INC.'S NOTICE OF REMOVAL

0.0

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

28 U.S.C. § 1332 ................................................................................................. passim

28 U.S.C. § 1441 ......................................................................................................... 7

28 U.S.C. § 1446 ............................................................................................... 6, 7, 10

*Altamirano v. Shaw Indus.*, No. C-13-0939 EMC, 2013 U.S. Dist. LEXIS 84236
    (N.D. Cal. 2013) ................................................................................................. 15

*Anderson v. Starbucks Corp.*, No. 3:20-cv-01178-JD, 2020 U.S. Dist. LEXIS
    245356 (N.D. Cal. Dec. 31, 2020) ..................................................................... 19

*Archuleta v. Avcorp Composite Fabrication, Inc.*, No. CV 18-8106 PSG (FFMx),
    2018 U.S. Dist. LEXIS 206495 (C.D. Cal. Dec. 6, 2018) .................................. 16

*Campbell v. Vitran Express, Inc.*, 471 Fed. App'x 646 (9th Cir. 2012) ................... 11, 12

*Castro v. ABM Indus.*, No. 14-cv-05359-YGR, 2015 U.S. Dist. LEXIS 44887 (N.D.
    Cal. Apr. 2, 2015) ............................................................................................... 20

*Coleman v. Estes Express Lines*, Inc., 730 F. Supp. 2d 1141 (C.D. Cal. 2010) ........... 14

*Danielsson v. Blood Ctrs. of the Pac.*, No. 19-cv-04592-JCS, 2019 U.S. Dist. LEXIS
    222539 (N.D. Cal. Dec. 30, 2019) ................................................................. 14, 17

*Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014) ................ 11

*Deaver v. BBVA Compass Consulting & Benefits, Inc.*, 2014 U.S. Dist. LEXIS
    72074 (N.D. Cal. May 27, 2014) ....................................................................... 14

*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150 (9th Cir. 1998) ..................................... 20

*Garcia v. Wal-Mart Stores*, No. CV 16-01645-BRO, 2016 U.S. Dist. LEXIS 142807
    (C.D. Cal. Oct. 14, 2016) ................................................................................... 21

*Garibay v. Archstone Communities LLC*, 539 Fed. App'x 763 (9th Cir 2013) ............. 21

*Giannini v. Nw. Mut. Life Ins. Co.*, No. C 12-77 CW, 2012 U.S. Dist. LEXIS 60143
    (N.D. Cal. Apr. 30, 2012) ................................................................................... 13

*Gipson v. Champion Home Builders, Inc.,* NO. 1:20-cv-00392-DAD-SKO, 2020
    U.S. Dist. LEXIS 127563 (E.D. Cal. July 20, 2020) ......................................... 19

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ..................................... 13, 20

*Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010) ............................................................. 9

*Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193 (9th Cir. 2015) ..................................... 11

3

0.0

1

**TABLE OF AUTHORITIES (cont.)**

2

**Page(s)**

3

*Kastler v. Oh My Green, Inc.*, No. 19-CV-02411-HSG, 2019 U.S. Dist. LEXIS
    185484, 2019 WL 5536198 (N.D. Cal. Oct. 25, 2019) ...................................... 17

4

*Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199 (E.D. Cal. 2008) ................................... 11

5

*Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986) ................................................................................... 9

6

*Lucas v. Michael Kors (USA) Inc.*, No. CV 18-1608-MWF, 2018 U.S. Dist. LEXIS
    78510 (C.D. Cal. May 9, 2018) ..................................................................... 14

7

*Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK (JCx), 2015 U.S. Dist.
    LEXIS 67212, 2015 WL 2452755, at *4 (C.D. Cal May 21, 2015)................................. 13

8

9

*Mendoza v. Savage Servs. Corp.*, No. 19-CV-00122-RGK-MAA, 2019 U.S. Dist.
    LEXIS 45269 (C.D. Cal. March 19, 2019)........................................................... 14

10

*Muniz v. Pilot Travel Ctrs.*, No. CIV. S-07-0325 FCD EFB, LLC, 2007 U.S. Dist.
    LEXIS 31515, at *4 (E.D. Cal. April 30, 2007) .................................................. 13

11

12

*Newcombe v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998)....................................................... 10

13

*Oda v. Gucci Am.*, Inc., No. 2:14-cv-7468-SVW (JPRx), 2015 U.S. Dist. LEXIS
    1672, at *10 (C.D. Cal. Jan. 7, 2015) ............................................................ 11, 16

14

*Rahmatullah v. Charter Communs.*, No. EDCV 20-354 PSG (SPx), 2020 U.S. Dist.
    LEXIS 127235 (C.D. Cal. July 15, 2020)................................................................ 16

15

16

*Rodriguez v. AT&T Mobility Servs.*, 728 F.3d 975 (9th Cir. 2013)........................................ 10, 12

17

*Rojas-Cifuentes v. ACX Pac. Northwest, Inc.*, 2016 U.S. Dist. LEXIS 147760 (E.D.
    Cal. Oct. 24, 2016)........................................................................................... 15

18

*Sanchez v. Russell Sigler, Inc.*, No. CV 15-01350-AB (PLAx), 2015 U.S. Dist.
    LEXIS 55667 (C.D. Cal. April 28, 2015)................................................................ 14

19

20

*Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162 (E.D. Cal. 2008) ............................................. 9

21

*State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514 (10th Cir. 1994)....................................... 9

22

*Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013) ..................................................................... 12

23

*Van v. Language Line Servs.*, No. 14-cv-03791, 2016 U.S. Dist. LEXIS 73510 (N.D.
    Cal. June 6, 2016)............................................................................................ 15

24

*Wheatley v. MasterBrand Cabinets, LLC*, No. EDCV 18-2127 JGB (SPx), 2019 U.S.
    Dist. LEXIS 26201 (C.D. Cal. Feb. 19, 2019)........................................................ 16, 18

25

26

**Federal Statutes & Regulations**

27

Federal Rules of Evidence 201 ..................................................................................................... 20

28

DEFENDANT SAFELITE FULFILLMENT INC.'S NOTICE OF REMOVAL

0.0

1

## **TABLE OF AUTHORITIES (cont.)**

2

**Page(s)**

3

**State Statutes & Regulations**

4
California Code of Civil Procedure § 382 ........................................................................ 8

5
California Labor Code § 1194 ......................................................................................... 17

6
California Labor Code § 1198 ......................................................................................... 17

7
California Labor Code § 201 ........................................................................................... 15

8
California Labor Code § 202 ........................................................................................... 15

9
California Labor Code § 203 ........................................................................................... 15

10
California Labor Code § 226.7 ........................................................................................ 13

11
California Labor Code § 510 ........................................................................................... 17

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT SAFELITE FULFILLMENT INC.'S NOTICE OF REMOVAL

0.0

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO WILLIE AUSTIN, JR. AND

2  HIS ATTORNEYS OF RECORD:

3       PLEASE TAKE NOTICE that Defendant Safelite Fulfillment, Inc. ("Safelite") hereby

4  removes the above-captioned action from the Superior Court for the State of California, County of

5  San Francisco, to the United States District Court for the Northern District of California, pursuant

6  to 28 U.S.C. §§ 1332(d) and 1446.

7       As required by 28 U.S.C. § 1446(d), Defendant will file in Superior Court, and serve upon

8  Plaintiff and his counsel of record a Notice to State Court of Removal of Civil Action to Federal

9  Court (with these removal papers attached).

10      In support of this Notice of Removal, Safelite states the following:

11  ## I.  <u>PROCEDURAL HISTORY</u>

12  1.  Plaintiff filed his Complaint, captioned *Willie Austin, Jr., an individual, on behalf of himself*

13      *and on behalf of all persons similarly situated v. Safelite Fulfillment, Inc., and Does 1 through*

14      *50, inclusive*, Case No. CGC-20-587314 in the Superior Court for the State of California and

15      for the County of San Francisco (the "State Court Action") on October 21, 2020.  A true and

16      correct copy of the Complaint is attached in **Exhibit 1** ("Complaint").

17  2.  The Complaint was served on Safelite on December 9, 2020.  *See* Notice of Service of Process

18      in **Exhibit 1**.

19  3.  Safelite filed an answer to Plaintiff's Complaint on January 7, 2021 ("Answer").  A true and

20      correct copy of Safelite's Answer is attached hereto as **Exhibit 2**.

21  ## II.  <u>STATEMENT OF JURISDICTION</u>

22  4.  This Court has original jurisdiction over this action under the Class Action Fairness Act of

23      2005 (the "Act").  *See* 28 U.S.C. § 1332(d).  In relevant part, the Act grants district courts

24      original jurisdiction over civil class actions filed under federal or state law in which any

25      member of a class of 100 or more putative class members is a citizen of a state different from

26      any defendant and the amount in controversy for the putative class members in the aggregate

27      exceeds $5,000,000, exclusive of interest and costs.  The Act authorizes removal of such

28      actions pursuant to 28 U.S.C. § 1446.  As set forth below, this case meets all of the Act's

0.0

1   requirements for removal and is timely and properly removed by the filing of this Notice of
2   Removal.
3   5.  The Act applies to actions that were "commenced" on or after February 18, 2005.  Because the
4       State Court Action was filed on October 21, 2020, it was "commenced" on or after February
5       18, 2005, and removal is proper under the Act.

### III.  TIMELINESS OF REMOVAL

6.  Pursuant to 28 U.S.C. § 1446(b), Safelite filed this removal within 30 days after receipt of
    service of the Complaint and Summons.

### IV.  VENUE

7.  Plaintiff originally filed this action in the Superior Court for the State of California, County of
    San Francisco.  Venue is thus proper in this district, pursuant to 28 U.S.C. § 1441(a), because it
    encompasses the county in which this action is pending.

8.  Pursuant to Local Rule 3-2(c) and (e), Intradistrict Assignment to the San Francisco Division of
    the United States District Court for the Northern District of California is proper because the
    state court action was originally filed in San Francisco County and Plaintiff alleges that he
    worked in San Francisco County for Defendant and that Defendant committed the wrongful
    conduct alleged in San Francisco County against members of the proposed class.  *See*
    Complaint ¶ 19.

### V.  PROCEDURAL REQUIREMENTS

9.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon
    Defendant are attached to this Notice of Removal.[1]  Pursuant to 28 U.S.C. § 1446(d), a copy of
    this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with
    the Clerk of the Superior Court for the State of California, County of San Francisco.

---

[1] In conformity with the requirement of 28 U.S.C. § 1446(a) that copies of all process, pleadings and orders served upon Defendant in the State Court Action be included with this notice of removal, the State Court Action case file, other than those documents already attached as Exhibits 1-2, is attached as **EXHIBIT 3**.

## VI. <u>DEFENSES</u>

10. The removal of this action to the Northern District of California does not waive Safelite's ability to assert any defense to this action.

### VII. <u>REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT</u>

**A.    <u>Plaintiff's Action is Pled as a Class Action</u>**

11. Under CAFA, "'class action' means any civil action filed under Rule 23 of the Federal Rules of Civil Procedures or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

12. The State Court Action has been styled as a class action, pursuant to California Code of Civil Procedure section 382. *See* Complaint ¶ 18. Cal. Code of Civ. Pro. § 382 authorizes an action to be brought by one or more representative persons as a class action. *See* Cal. Code of Civ. Pro. § 382.

**B.    <u>The Proposed Class Contains at Least 100 Members</u>**

13. Under 28 U.S.C. § 1332(d)(5)(B), district courts will have original jurisdiction over a class action case under CAFA if the number of members of the putative plaintiff class is no less than 100.

14. This requirement is met here. Plaintiff's Complaint proposes the following class: "[A]ll individuals who are or previously were employed by Defendant in California and classified as non-exempt employees (the "California Class") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court." Complaint ¶ 20. Plaintiff's Complaint also proposed the following subclass: "[A]ll members of the California Class who are or previously were employed by Defendant in California (the "California Labor Sub-Class") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court." Complaint ¶ 30. Members of the Class and Sub-Class will collectively be referred to as the "Class Members."

15. According to this proposed class definition, there are approximately 1,613 putative Class members. *See* Declaration of Barbara Mason ("Mason Decl."), filed herewith, at ¶ 7. Thus, the

0.0

1  number of members of the putative class is sufficient to meet the Act's requirement for removal

2  to federal court.

3  **C.    There is Diversity Between at Least One Putative Class Member and One Defendant**

4  16. The Act's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class

5  of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A);

6  1453(b). Minimal diversity of citizenship exists here because Plaintiff and Safelite Fulfillment,

7  Inc. are citizens of different states.

8  17. Allegations of residency in a state court complaint can create a rebuttable presumption of

9  domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 750-51 (9th Cir.

10  1986*); see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994)

11  (allegation by party in state court complaint of residency "created a presumption of continuing

12  residence in [state] and put the burden of coming forward with contrary evidence on the party

13  seeking to prove otherwise"); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal.

14  2008) (place of residence provides "prima facie" case of domicile).

15  18. Plaintiff is a resident of the State of California. He alleges that he is employed by Defendant in

16  California, and has been since April 2016. Complaint ¶ 3. *See Lew* at 750 (holding plaintiff's

17  place of employment can establish domicile for the purpose of diversity jurisdiction). This

18  allegation raises a rebuttable presumption that Plaintiff is a citizen of the State of California.

19  Moreover, Plaintiff purports to bring a class claim on behalf of over 1,000 individuals who are

20  employed in California—it is reasonable to conclude that at least one of these individuals is a

21  resident of the state in which they work.

22  19. Conversely, Defendant Safelite Fulfillment, Inc., is not a citizen of California. For diversity

23  purposes, a corporation is deemed a citizen of its state of incorporation and the state where it

24  has its principal place of business. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-93 (2010) (A

25  corporation's principal place of business is "the place where a corporation's officers direct,

26  control, and coordinate the corporation's activities.").

27

28

0.0

20. Safelite is a corporation organized under the laws of the State of Delaware. Its principal place of business is in Columbus, Ohio. For purposes of diversity jurisdiction, therefore, Safelite is a citizen of Delaware and Ohio.  Mason Decl. ¶ 3.

21. The presence of Doe defendants in this case has no bearing on diversity with respect to removal.  *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998); *see also* 28 U.S.C. § 1441(a) ("[f]or the purposes of removal…the citizenship of defendants sued under fictitious names shall be disregarded").

22. Accordingly, Plaintiffs are citizens of a State different from Safelite, and diversity exists for federal jurisdiction under CAFA.  *See* 28 U.S.C. §§ 1332(d)(2)(A).

**D.      The Amount in Controversy Exceeds $5,000,000[2]**

23. This Court has jurisdiction under CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000.  *See* 28 U.S.C. § 1332(d).

24. The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

25. Plaintiff's Complaint is silent as to the total amount in controversy.  However, Plaintiff's failure to specify the total damages or other monetary relief sought does not deprive this Court of jurisdiction.  Rather, when the plaintiff fails to plead a specific amount of damages, the defendant seeking removal "must prove by a preponderance of the evidence that the amount in controversy requirement has been met."  *See Rodriguez v. AT&T Mobility Servs.*, 728 F.3d 975, 977 (9th Cir. 2013) ("the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard.").

---

[2] Safelite provides the following calculations only to demonstrate that the amount in controversy exceeds $5,000,000.  Safelite makes no admission of liability or damages with respect to any aspect of this case, nor does Safelite waive its right to ultimately contest the proper amount of damages due, if any, should Plaintiffs prevail with any of their claims.

0.0

26. This burden is not onerous and does not obligate a removing defendant to "research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1204-1205 (E.D. Cal. 2008).  Rather, "[t]he 'ultimate inquiry' is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe."  *Id.*  In determining the amount in controversy for CAFA, all potential damages based on the claims in the complaint, as well as attorneys' fees, are included.  *See Campbell v. Vitran Express, Inc.*, 471 Fed. App'x 646, 648 (9th Cir. 2012) (in measuring the amount in controversy, a court "must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.") (quotations and citations omitted).

27. The United States Supreme Court, in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), recognized that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  Only if the plaintiff contests or the court questions the allegations of the notice of removal, is supporting evidence required.  *See id.*  Otherwise "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction.  *Id.* at 553.

28. In establishing the amount in controversy, a removing party is entitled to make reasonable assumptions.  *Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193 (9th Cir. 2015) ("[The removing party] bears the burden to show that its estimated amount in controversy relied on reasonable assumptions."); *see also Oda v. Gucci Am.*, Inc., No. 2:14-cv-7468-SVW (JPRx), 2015 U.S. Dist. LEXIS 1672, at *10 (C.D. Cal. Jan. 7, 2015) ("Where, as here, a plaintiff makes generalized allegations regarding the frequency of violations, a defendant may calculate the amount in controversy based on reasonable assumptions.").

29. Moreover, Congress intended that any uncertainty of the removability of an interstate class action be resolved in favor of federal jurisdiction.  *See* Senate Judiciary Committee Report, S. REP. 109-14, at 42 ("if a federal court is uncertain about whether 'all matters in controversy' in

0.0

1    a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the

2    court should err in favor of exercising jurisdiction over the case").

3    30. In sum, Safelite denies the validity and merits of Plaintiff's claims, the legal theories upon

4        which they are purportedly based, and the claims for monetary and other relief that flow from

5        them.  Nevertheless, and notwithstanding Plaintiff's failure to allege the total amount of

6        damages claimed, the amount in controversy as alleged by Plaintiff in this case exceeds

7        $5,000,000.

8    31. Safelite anticipates Plaintiff may argue that the amount in controversy requirement is not

9        satisfied because of his allegations that the Class and Subclass claims, individually, have less

10       than $5,000,000 in controversy.  *See* Complaint ¶¶ 20, 30.  This argument fails.  The Supreme

11       Court has expressly ruled that a plaintiff's allegation that the amount in controversy is less than

12       $5,000,000 has no binding effect for purposes of removal.  *See Std. Fire Ins. Co. v. Knowles*,

13       568 U.S. 588, 592-93 (2013) (holding that neither the plaintiff's allegation that the amount in

14       controversy was less than five million dollars, nor his stipulation the class would seek damages

15       of less than five million dollars determined the amount in controversy under CAFA); *see also*

16       *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975 (9th Cir. 2013) (same).  Indeed, the

17       Supreme Court instructed district courts to simply "ignore" such representations by plaintiffs

18       and instead "determine whether [the district court] has jurisdiction by adding up the value of

19       the claim of each person who falls within the definition of [the] proposed class and determine

20       whether the resulting sum exceeds $5 million."  *Id*. at 592, 596.

21   32. Furthermore, *all* potential damages based on the claims in the complaint, including attorneys'

22       fees, are included when determining the amount in controversy for CAFA—not simply the

23       individual claims themselves.  *See Campbell*, 471 Fed. App'x at 648.  Although Plaintiff

24       purports to disclaim the total amount of the *claims*, he does not disclaim the amount of

25       attorneys' fees that he may also be entitled to recover, which could cause the total amount in

26

27

28

0.0

1  controversy to exceed five million dollars.[3]

2      **1.**    **Failure to Pay Lawful Wages, Failure to Provide Meal Periods, & Failure to**
3           **Permit Rest Breaks**

4  33. In the fourth and fifth causes of action, Plaintiff alleges that he and the putative class members

5      were not given proper meal and rest breaks, as well as not paid "one additional hour of pay at

6      their regular rate as required by California law, including Labor Code section 226.7 and the

7      applicable IWC wage order, for each day on which lawful meal period and rest breaks were not

8      authorized and permitted."  Complaint ¶¶ 85, 86, 89, 90.

9  34. Plaintiff pleads that the Class seeks an additional hour of pay for each day a meal period or rest

10     break was not provided.  Complaint ¶¶ 86, 90.  However, Plaintiff fails to plead how often these

11     lawful meal periods and/or rest breaks were not authorized or permitted by Defendant.

12 35. However, numerous Courts have held that assuming a 100% violation rate is permissible for

13     determining the amount in controversy when a Complaint does not contain more detailed

14     allegations that would suggest such an assumption is incorrect. *See, e.g., Mejia v. DHL Express*

15     *(USA), Inc*., No. CV 15-890-GHK (JCx), 2015 U.S. Dist. LEXIS 67212, 2015 WL 2452755, at

16     *4 (C.D. Cal May 21, 2015) (using a 100% violation rate to calculate the amount in controversy

17     where the plaintiff's complaint "does not contain any allegations that suggest a 100% violation

18     rate is an impermissible assumption."); *Muniz v. Pilot Travel Ctrs*., No. CIV. S-07-0325 FCD

19     EFB, LLC, 2007 U.S. Dist. LEXIS 31515, at *4 (E.D. Cal. April 30, 2007) ("[P]laintiff

20     includes no fact-specific allegations that would result in a … violation rate that is discernibly

21     smaller than 100% . . . . Plaintiff is the master of her claims, and if she wanted to avoid

22     removal, she could have alleged facts specific to her claims which would narrow the scope of

23     the putative class or the damages sought."); *see also Giannini v. Nw. Mut. Life Ins. Co.*, No. C

24     12-77 CW, 2012 U.S. Dist. LEXIS 60143, at *9 (N.D. Cal. Apr. 30, 2012) (allegations of

25     "routine" violations supported assumption of 100% violation rate).

26

27 [3] Indeed, because the Ninth Circuit has found that 25 percent of the common fund is a reasonable
   attorneys' fees award (*see Hanlon*, *infra* at ¶ 67), Plaintiffs could theoretically recover only $4
28 million on their claims while the fee award pushed the total amount in controversy to $5 million.

DEFENDANT SAFELITE FULFILLMENT INC.'S NOTICE OF REMOVAL

0.0

36. Even though there is a good faith basis for assuming a 100% violation rate, given Plaintiff's vague language as to violation frequency in the Complaint (that such violations occurred "from time to time" (Complaint ¶¶ 85,89)),  Defendant will limit their assumption for purposes of this calculation to one meal period violation and one rest break violation per work week.  This totals two violations per workweek per associate.[4]  *See Lucas v. Michael Kors (USA) Inc.*, No. CV 18-1608-MWF, 2018 U.S. Dist. LEXIS 78510, at *11 (C.D. Cal. May 9, 2018) ("The Court agrees with Defendant MK that their assumed violation rate of 2 missed meal/rest break periods per workweek is reasonable…"); *Danielsson v. Blood Ctrs. of the Pac.*, No. 19-cv-04592-JCS, 2019 U.S. Dist. LEXIS 222539, at *17 (N.D. Cal. Dec. 30, 2019) ("Defendant's first assumption--a 20% violation rate for meal and rest breaks during the putative class period--is reasonable"); *Mendoza v. Savage Servs. Corp.*, No. 19-CV-00122-RGK-MAA, 2019 U.S. Dist. LEXIS 45269, at *4 (C.D. Cal. March 19, 2019) ("[C]ourts in this district routinely apply a 20% violation rate—that is, one missed mean [sp] and rest period per work week- for meal and rest period premiums.").

37. Additionally, Defendant will use the average hourly rate of the putative class to calculate the damages. *Sanchez v. Russell Sigler, Inc.*, No. CV 15-01350-AB (PLAx), 2015 U.S. Dist. LEXIS 55667, at *11 (C.D. Cal. April 28, 2015) ("Defendant's use of an average hourly wage was proper for determining the amount in controversy."); *Coleman v. Estes Express Lines*, Inc., 730 F. Supp. 2d 1141, 1150 (C.D. Cal. 2010) ("it is 'preferable for defendants to calculate the average hourly wage based on the average wage of all class members.'" (internal quotation and citation omitted)); *Deaver v. BBVA Compass Consulting & Benefits, Inc.*, 2014 U.S. Dist. LEXIS 72074 (N.D. Cal. May 27, 2014).

38. The average hourly rate of Safelite's California non-exempt employees for the period of time from October 21, 2016 to the present is $20.92.  *See* Mason Decl. ¶ 7.  Additionally, there were

---

[4] Safelite pays its associates weekly.  Thus, this assumption will create two assumed violations per wage statement.

DEFENDANT SAFELITE FULFILLMENT INC.'S NOTICE OF REMOVAL

0.0

1    155,270 wage statements issued (on a weekly basis) to Safelite's non-exempt employees in

2    California from October 21, 2016 to the present.[5]  *See* Mason Decl. ¶ 9.

3    39. As specified above, for amount in controversy calculation purposes, Defendant is going to

4    assume 1 meal and 1 rest break violation per wage statement.  Thus, that equals 310,540

5    presumed violations (2 presumed violations multiplied by 155,270 wage statements).

6    40. Multiplying the presumed meal/rest break violations by the average hourly earnings for the

7    putative class, the fourth and fifth causes of action place **$6,496,496.80** in controversy (310,540

8    multiplied by the $20.92 average hourly wage).

9         **2.    Failure to Pay Wages Upon Separation of Employment and Within the**

10            **Required Time**

11   41. Plaintiff's second cause of action is for the failure to pay minimum wages, including the failure

12   to timely pay wages upon separation within the required 72 hour time limit, pursuant to Cal.

13   Labor Code section 201, *et al*.  Each former employee is entitled to be paid her normal wages

14   for every day the wages are late, up to a 30-day maximum.  Cal. Labor Code § 203.

15   42. Plaintiff pleads that for Sub-Class members "who have terminated their employment,

16   Defendant's conduct also violates Labor Code §§ 201 and/or 202, and therefore these

17   individuals are also be entitled [sic] to waiting time penalties under Cal. Lab. Code § 203 . . . ."

18   Complaint ¶ 67.

19   43. Similarly to the cause of actions above, Courts have routinely held that an assumption up to a

20   100% violation rate is reasonable.  Thus, Courts have held that calculating penalties for the full

21   30 day maximum is appropriate.  *See, e.g., Altamirano v. Shaw Indus*., No. C-13-0939 EMC,

22

23   ――――――――――――――

24   [5] The statute of limitations for alleged meal period violations is three years.  *Rojas-Cifuentes v. ACX Pac. Northwest, Inc.,* 2016 U.S. Dist. LEXIS 147760, at *9 (E.D. Cal. Oct. 24, 2016).

25   However, because Plaintiff alleges a claim under California's Unfair Competition Law ("UCL"), this period is functionally extended for an additional year, pursuant to the limited procedures and remedies of the UCL.  *See id*., at *8-9; *Van v. Language Line Servs*., No. 14-cv-03791, 2016 U.S.

26   Dist. LEXIS 73510, at *100-01 (N.D. Cal. June 6, 2016) (meal and rest period payments recoverable under UCL for four year period); see also Complaint at ¶¶ 41-42.  For purposes of

27   removal only, Defendant assumes that a four year statute of limitations would apply for Plaintiff's meal and rest period claims.  Under this assumption, the statutory period begins on October 21,

28   2016.

DEFENDANT SAFELITE FULFILLMENT INC.'S NOTICE OF REMOVAL

0.0

2013 U.S. Dist. LEXIS 84236, at *34 (N.D. Cal. 2013) ("[A]warding penalties for the entire 30 pay period is reasonable."); *see also Rahmatullah v. Charter Communs.*, No. EDCV 20-354 PSG (SPx), 2020 U.S. Dist. LEXIS 127235, *12 (C.D. Cal. July 15, 2020) (The thirty-day maximum is supported by Plaintiff's complaint because Plaintiff seeks the maximum penalty, and Plaintiff's complaint contains broad and general allegations and does not contain limiting language."). Similar broad and general language is present in Plaintiff's complaint here. Complaint ¶ 59. However, while a 100% violation rate would be reasonable, Safelite will only assume for purposes of removal that 50% of the terminated sub-class members would be eligible for the maximum penalty, and that the other 50% would be eligible for nothing. *See Oda,* 2015 U.S. Dist. LEXIS 1672, at *15 (50% violation rate reasonable).

44. Although Plaintiff worked on average 8.67 hours a day, Defendant is conservatively using an 8 hour work day for its calculations. *See* Mason Decl. ¶ 6. Courts have held, for calculating these penalties, an assumption of an 8 hour work day is reasonable. *See Altamirano*, 2013 U.S. Dist. LEXIS at *34; *see also Archuleta v. Avcorp Composite Fabrication, Inc.*, No. CV 18-8106 PSG (FFMx), 2018 U.S. Dist. LEXIS 206495, at *14 (C.D. Cal. Dec. 6, 2018) (Defendant "conservatively estimate[ed] an eight-hour workday (even though the data showed that the average employee worked 11.65 hours/day); *see also Wheatley v. MasterBrand Cabinets, LLC*, No. EDCV 18-2127 JGB (SPx), 2019 U.S. Dist. LEXIS 26201, at *17 (C.D. Cal. Feb. 19, 2019) ("[B]ecause Plaintiff does not allege or offer evidence that some class members worked part time, it is reasonable for Defendant to assume eight-hour shifts.").

45. Defendant will use the average hourly rate of the putative class to calculate the damages. Thus, the applicable presumed average daily wages here is $167.36 ($20.92 per hour multiplied by 8 hours), and each putative class member would presumably be entitled to $5,020.80 ($167.36 x 30 days).

46. Given that there are 867 members of the putative Sub-Class (*see* Mason Decl. ¶ 8), $5,020.80 must be multiplied by 867, equaling $4,353,033.60. If only half of those were entitled to the maximum recovery, and the other half to no recovery, the amount in controversy for this claim would be **$2,176,516.80**.

0.0

### 3. Failure to Pay Overtime

47. Plaintiffs' third cause of action is for the failure to pay overtime compensation pursuant to Cal. Labor Code §§ 510, 1194, and 1198.

48. Each employee is entitled to be paid one and one–half times her regular rate of pay for time worked in excess of eight (8) hours per workday and/or more than forty (40) hours per workweek, and twice her regular rate of pay for time worked in excess of twelve (12) hours per day. Cal. Labor Code § 510.

49. Plaintiff pleads that for Sub-Class members, Defendant implemented a "policy and practice" that failed to accurately record the overtime they worked and that, Defendant failed to pay Plaintiff and Sub-Class members in accordance with Cal. Labor Code §§ 510, 1194, 1198. Complaint ¶¶ 74, 79. Plaintiff claims he and sub-class members are entitled to recover all overtime wages owed, as well as any statutory penalties, as provided by the California Labor Code. Complaint ¶ 83.

50. Courts in the Ninth Circuit have routinely held that an assumption of one hour of unpaid overtime per week is reasonable, particularly when the complaint alleges a pattern and practice of failing to pay overtime wages. *Danielsson v. Blood Ctrs. of the Pac.*, No. 19-cv-04592-JCS, 2019 U.S. Dist. LEXIS 222539, at *21 (N.D. Cal. Dec. 30, 2019) ("Courts in this circuit have held that an hour of unpaid overtime per week is a reasonable estimate when the complaint alleges a pattern and practice of failing to pay overtime wages.") (internal quotations omitted), citing *Kastler v. Oh My Green, Inc.*, No. 19-CV-02411-HSG, 2019 U.S. Dist. LEXIS 185484, 2019 WL 5536198, at *4 (N.D. Cal. Oct. 25, 2019) and *Arreola v. Finish Line*, No. 14-CV-03339-LHK, 2014 U.S. Dist. LEXIS 170464, 2014 WL 6982571, at *4 (N.D. Cal. Dec. 9, 2014) ("Where, as here, a proposed class includes all employees during the class period, and the plaintiff pleads that an employer has a regular or consistent practice of violating employment laws that harmed each class member, such an allegation supports a defendant's assumptions that every employee experienced at least one violation once per week.").

51. Plaintiff's complaint similarly alleges that Defendant maintained a policy and practice of failing to properly pay overtime.  Therefore, Defendant will assume one hour of unpaid overtime per week.

52. As noted above, the average hourly rate of Safelite's California non-exempt employees for the period of time from October 21, 2016 to the present is $20.92.   The overtime rate for this one hour of pay would therefore be $31.38 (which is one and one-half times the average hourly rate).

53. As specified above, for calculations purposes, Defendant is going to assume 1 hour of unpaid overtime per week.  There were 155,270 wage statements issued (on a weekly basis) to Safelite's non-exempt employees in California during that same time period.  *See* Mason Decl. ¶ 9.  Thus, that equals 155,270 hours of presumably unpaid overtime (i.e., one for every wage statement).

54. Multiplying the assumed hours of unpaid overtime by the average hourly overtime earnings for the putative class, the third cause of action equals **$4,872,372.60** in controversy (155,270 multiplied by the $31.38 average overtime wage).

### 4.    Failure to Furnish Accurate Wage Statements

55. Plaintiff's sixth cause of action alleges that Safelite "failed to provide Plaintiff and the other members of the [Sub-Class] with complete and accurate wage statements . . . ."  Complaint ¶ 94.

56. "California Labor Code § 226(a) requires an employer to pay the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs." Complaint ¶ 95.  Violations are capped at a maximum of $4,000 per employee. Cal. Lab. Code § 226(e).

57.  Courts have held that a "Defendant may reasonably assume every wage statement contained at least one inaccuracy." *Wheatley*, 2019 U.S. Dist. LEXIS 26201 at *20.  Thus, it is proper to add penalties to each wage statement provided in the allegedly relevant time period.

0.0

58. Accordingly, Plaintiff's Complaint places 155,270 wage statements at issue with respect to the 1,613 putative class members.[6] Mason Decl. ¶ 9.

59. Since Plaintiff's complaint is silent as to how many inaccurate wage statements were issued, given the allegations that Defendant had a policy and practice of depriving Plaintiff and the putative class of minimum wages and overtime payments and the large amount of wage statements issued to the putative class, it is reasonable to assume up to a 100% violation rate. *See Gipson v. Champion Home Builders, Inc.,* NO. 1:20-cv-00392-DAD-SKO, 2020 U.S. Dist. LEXIS 127563, at *24-26 (E.D. Cal. July 20, 2020) (100% violation rate for wage statement claim reasonable in light of assumption of one rest and one meal break violation per week). However, for purposes of removal, Safelite will assume only a more conservative 50% of the putative class members could claim maximum wage statement violations.

60. Assuming 806 – less than half – of the 1613 class members will be entitled to the statutory maximum of $4,000 for wage statement violations, the total amount in controversy for this claim will be **$3,224,000**.

## 5. Failure to Reimburse Business Expenses

61. Plaintiff's seventh cause of action alleges that Safelite failed to indemnify and reimburse Plaintiff and class members for required business expenses in the discharge of their job duties, including costs related to the use of personal cellular phones for work purposes. Complaint ¶ 98.

62. California Labor Code § 2802 requires an employer to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties…" California Labor Code § 2802; Complaint ¶ 97.

63. The Northern District of California has accepted, for purposes of calculating the amount in controversy, an estimate of 50% of employees' personal cell phone bill costs. *Anderson v. Starbucks Corp.*, No. 3:20-cv-01178-JD, 2020 U.S. Dist. LEXIS 245356, at *12-13 (N.D. Cal.

---

[6] Defendant does not concede that all 155,270 wage statements are properly at issue as a matter of law, nor does it concede the applicable statute of limitations. Defendant assumes a four year statute of limitations for purposes of removal only based on the allegations in the complaint.

1   Dec. 31, 2020) (reduction of bill cost by 50% was "reasonable basis for estimating an amount
2   on [*sic*] controversy").

3   64. Plaintiff has not pled the amount of reimbursement allegedly unpaid, or the cost of his or any
4   putative class member's cell phone bill.  The United States Bureau of Labor Statistics reports
5   that, as of the 2017-2018 years, the mean annual cost of cellular phone service in California
6   was $1,279.95 (approximately $24.61 per week ($1,279.95 divided by 52)).  *See* U.S. Bureau of
7   Labor Statistics, "California:  Quintiles of income before taxes, 2017-2018,"
8   https://www.bls.gov/cex/2017/research/income-ca.htm (last accessed 2021-01-07).

9   65. The Court may take judicial notice of this governmental statistic.  *See* Fed. R. Evid. 201(b)(2);
10  *see also Castro v. ABM Indus.*, No. 14-cv-05359-YGR, 2015 U.S. Dist. LEXIS 44887, at *2 n.1
11  (N.D. Cal. Apr. 2, 2015) (taking judicial notice of similar Bureau of Labor Statistics reports).

12  66. As discussed above, there are 155,270 workweeks potentially at issue in this matter (the
13  number of wage statements issued weekly).  Assuming that reimbursement was owed for 50%
14  of an employee's weekly cell phone cost ($12.30 per week), the resulting amount in
15  controversy would be **$1,909,821** (155,270 workweeks times $12.30 per week).

16  **6.    Attorneys' Fees**

17  67. Plaintiff seeks to recover attorneys' fees.  Complaint Prayer For Relief at ¶ 4(C).  Under CAFA,
18  attorneys' fees are included in determining the amount in controversy, regardless of whether
19  they are mandatory or discretionary. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th
20  Cir. 1998); *see also Dawsey*, 2015 U.S. Dist. LEXIS 93051 at *2-3, 7 (calculating both
21  statutory and "reasonable" attorneys' fees to determine the amount in controversy under
22  CAFA).  For class action settlements, the Ninth Circuit has found that 25 percent of the
23  common fund is a reasonable attorneys' fees award.  *See Dawsey*, 2015 U.S. Dist. LEXIS
24  93051 at *7 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)
25  ("benchmark" level for reasonable attorneys' fees in class actions in the Ninth Circuit is 25%)).

26  68. Therefore, "if Defendant can establish by a preponderance of the evidence that the [amount in
27  controversy is] at least $4 million dollars, the addition of twenty-five percent in attorneys' fees
28  would necessarily meet the $5 million amount in controversy requirement under CAFA."

0.0

*Garcia v. Wal-Mart Stores*, No. CV 16-01645-BRO, 2016 U.S. Dist. LEXIS 142807, *17-19 (C.D. Cal. Oct. 14, 2016) (citing *Garibay v. Archstone Communities LLC*, 539 Fed. App'x 763, 764 (9th Cir 2013).

69. Here, as set forth above, there is "substantial, plausible evidence" that the amount in controversy in Plaintiff's second, third, fourth, fifth, sixth, and seventh causes of action in the Complaint totals **$18,679,207.20**—already surpassing the $5,000,000 threshold. Still, a conservative and reasonable estimate of Plaintiff's attorneys' fees is **$4,669,801.80**, which is 25% of the total amount in controversy for the other claims. Thus, a reasonable calculation of the total amount in controversy, based on the allegations in Plaintiff's Complaint and the data cited herein, is **$23,349,009**. This is well above the $5,000,000.00 threshold required by CAFA. *See* 28 U.S.C. § 1332(d).

70. Although Defendant specifically denies Plaintiff's claims and denies Plaintiff will recover any of the relief he seeks, it is clear from the allegations in the Complaint and the scope of the relief sought that the amount in controversy exceeds the $5,000,000.00 jurisdictional threshold of 28 U.S.C. § 1332(d).[7]

### VIII.  CONCLUSION

71. Thus, the total amount in controversy in this action is at least **$23,349,009**.

72. Based on the foregoing, Defendant respectfully requests that the Court remove the above-entitled action to federal court.

Dated: January 8, 2021                      CDF LABOR LAW LLP


                                            /s/ *M. Leah Cameron*
                                            M. Leah Cameron

                                            Attorneys for Defendant
                                            SAFELITE FULFILLMENT, INC.

---

[7] This calculation does not account for the alleged minimum wages owed to the over 1,000 members of the putative class (in Plaintiff's second cause of action).

EXHIBIT 1



**null / ALL**
**Transmittal Number: 22407871**
**Date Processed: 12/10/2020**

# Notice of Service of Process

| Primary Contact: | Natalie Morbitzer |
| | Safelite Group |
| | 7400 Safelite Way |
| | Columbus, OH 43235-5086 |

| Electronic copy provided to: | Tena Thompson |

| Entity: | Safelite Fulfillment, Inc.<br>Entity ID Number  2815338 |
|---|---|
| Entity Served: | Safelite Fulfillment, Inc. |
| Title of Action: | Willie Austin, Jr. vs. Safelite Fulfillment, Inc. |
| Matter Name/ID: | Willie Austin, Jr. vs. Safelite Fulfillment, Inc. (10544157) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Class Action |
| Court/Agency: | San Francisco County Superior Court, CA |
| Case/Reference No: | CGC-20-587314 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 12/09/2020 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Norman Blumenthal<br>858-551-1223 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SAFELITE FULFILLMENT, INC., a Corporation ; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WILLIE AUSTIN, JR., an individual, on behalf of himself and on behalf of all persons similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>Central<br>400 McAllister St., San Francisco, CA 94102-4514 | CASE NUMBER<br>*(Número del Caso):*<br>**CGC-20-587314** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman Blumenthal    (Bar # 68687)
Blumenthal Nordrehaug Bhowmik De Blouw LLP
2255 Calle Clara, La Jolla, CA 92037

Fax No.: (858) 551-1232
Phone No.: (858) 551-1223

DATE:
*(Fecha)* October 26, 2020

CLERK OF THE COURT
Clerk, by *(Secretario)* **BOWMAN LIU**, Deputy *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  SAFELITE FULFILLMENT, INC.

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 12/9/20

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc.
www.Forms.WorkFlow.com

ENDORSED
F I L E D
San Francisco County Superior Court

OCT 21 2020

CLERK OF THE COURT
By: _____
BOWMAN LIU
Deputy Clerk

1  **BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
      Norman B. Blumenthal (State Bar #068687)
2     Kyle R. Nordrehaug (State Bar #205975)
      Aparajit Bhowmik (State Bar #248066)
3     Nicholas J. De Blouw (State Bar #280922)
   2255 Calle Clara
4  La Jolla, CA 92037
   Telephone: (858)551-1223
5  Facsimile: (858) 551-1232
   Website: www.bamlawca.com
6
   Attorneys for Plaintiff
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                IN AND FOR THE COUNTY OF SAN FRANCISCO

10
   WILLIE AUSTIN, JR., an individual, on          Case No.  **CGC-20-587314**
11 behalf of himself and on behalf of all persons
   similarly situated,                            **CLASS ACTION COMPLAINT FOR:**
12
                                                  1. UNFAIR COMPETITION IN
13                                                VIOLATION OF CAL. BUS. & PROF.
                 Plaintiff,                       CODE §§ 17200, *et seq.*;
14                                                2. FAILURE TO PAY MINIMUM WAGES
   vs.                                            IN VIOLATION OF CAL. LAB. CODE §§
15                                                1194, 1197 & 1197.1;
   SAFELITE FULFILLMENT, INC., a                  3. FAILURE TO PAY OVERTIME WAGES
16 Corporation ; and DOES 1 through 50,           IN VIOLATION OF CAL. LAB. CODE §§
   inclusive,                                     510, *et seq*;
17                                                4. FAILURE TO PROVIDE REQUIRED
                                                  MEAL PERIODS IN VIOLATION OF CAL.
18               Defendants.                       LAB. CODE §§ 226.7 & 512 AND THE
                                                  APPLICABLE IWC WAGE ORDER;
19                                                5. FAILURE TO PROVIDE REQUIRED
                                                  REST PERIODS IN VIOLATION OF CAL.
20                                                LAB. CODE §§ 226.7 & 512 AND THE
                                                  APPLICABLE IWC WAGE ORDER;
21                                                6. FAILURE TO PROVIDE ACCURATE
                                                  ITEMIZED STATEMENTS IN VIOLATION
22                                                OF CAL. LAB. CODE § 226; and,
                                                  7. FAILURE TO REIMBURSE
23                                                EMPLOYEES FOR REQUIRED
                                                  EXPENSES IN VIOLATION OF CAL.
24                                                LAB. CODE § 2802.

25                                                **DEMAND FOR A JURY TRIAL**

26

27

28
                                    1

Plaintiff Willie Austin, Jr. ("PLAINTIFF"), an individual, on behalf of himself and all other similarly situated current and former employees alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

## **THE PARTIES**

1.      Defendant Safelite Fulfillment, Inc. ("DEFENDANT") is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California.

2.      DEFENDANT is an American provider of vehicle glass repair, replacement, and calibration services and insurance claims management company.

3.      PLAINTIFF has been employed by DEFENDANT in California since April of 2016 and has been at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

4.      PLAINTIFF brings this Class Action on behalf of himself and a California class, defined as all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

5.      PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and practice which failed to lawfully compensate these employees. DEFENDANT's policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction

1    enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and
2    the other members of the CALIFORNIA CLASS who have been economically injured by
3    DEFENDANT's past and current unlawful conduct, and all other appropriate legal and
4    equitable relief.

5         6.    The true names and capacities, whether individual, corporate, subsidiary,
6    partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently
7    unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant
8    to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege
9    the true names and capacities of Does 1 through 50, inclusive, when they are ascertained.
10    PLAINTIFF is informed and believes, and based upon that information and belief alleges, that
11    the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are
12    responsible in some manner for one or more of the events and happenings that proximately
13    caused the injuries and damages hereinafter alleged.

14         7.    The agents, servants and/or employees of the Defendants and each of them acting
15    on behalf of the Defendants acted within the course and scope of his, her or its authority as the
16    agent, servant and/or employee of the Defendants, and personally participated in the conduct
17    alleged herein on behalf of the Defendants with respect to the conduct alleged herein.
18    Consequently, the acts of each Defendant are legally attributable to the other Defendants and
19    all Defendants are jointly and severally liable to PLAINTIFF and the other members of the
20    CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the
21    Defendants' agents, servants and/or employees.

22
23                       **THE CONDUCT**
24         8.    During the CALIFORNIA CLASS PERIOD, DEFENDANT did not have in place
25    an immutable timekeeping system to accurately record and pay PLAINTIFF and other
26    CALIFORNIA CLASS Members for the actual time these employees worked each day.
27    DEFENDANT engaged in the unilateral modification of PLAINTIFF's and CALIFORNIA
28    CLASS Members' time records to avoid paying meal break penalties and proper wages to these

1  employees. Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was

2  required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked,

3  meaning the time during which an employee is subject to the control of an employer, including

4  all the time the employee is suffered or permitted to work. DEFENDANT requires PLAINTIFF

5  and CALIFORNIA CLASS Members to work without paying them for all the time they are

6  under DEFENDANT's control. Specifically, DEFENDANT requires PLAINTIFF to work

7  while clocked out during what is supposed to be PLAINTIFF's off-duty meal break.

8  PLAINTIFF is from time to time interrupted by work assignments while clocked out for what

9  should have been PLAINTIFF's off-duty meal break. Additionally, PLAINTIFF and

10  CALIFORNIA CLASS Members clock out of DEFENDANT's timekeeping system, in order

11  to perform additional work for DEFENDANT as required to meet DEFENDANT's job

12  requirements. DEFENDANT's policy and practice not to pay PLAINTIFF and other

13  CALIFORNIA CLASS Members for all time worked, is evidenced by DEFENDANT's

14  business records.

15     9.     State and federal law provides that employees must be paid overtime at one-and-

16  one-half times their "regular rate of pay." PLAINTIFF and other CALIFORNIA CLASS

17  Members are compensated at an hourly rate plus incentive pay that is tied to specific elements

18  of an employee's performance.

19     10.     The second component of PLAINTIFF's and other CALIFORNIA CLASS

20  Members' compensation is DEFENDANT's non-discretionary incentive program that paid

21  PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their

22  performance for DEFENDANT. The non-discretionary incentive program provided all

23  employees paid on an hourly basis with incentive compensation when the employees met the

24  various performance goals set by DEFENDANT. However, when calculating the regular rate

25  of pay in order to pay overtime to PLAINTIFF and other CALIFORNIA CLASS Members,

26  DEFENDANT failed to include the incentive compensation as part of the employees' "regular

27  rate of pay" for purposes of calculating overtime pay. Management and supervisors described

28  the incentive program to potential and new employees as part of the compensation package. As

1  a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA

2  CLASS Members must be included in the "regular rate of pay." The failure to do so has

3  resulted in a underpayment of overtime compensation to PLAINTIFF and other CALIFORNIA

4  CLASS Members by DEFENDANT.

5      11. As a result of their rigorous work schedules, PLAINTIFF and other

6  CALIFORNIA CLASS Members are from time to time unable to take thirty (30) minute off

7  duty meal breaks and are not fully relieved of duty for their meal periods. PLAINTIFF and

8  other CALIFORNIA CLASS Members are required from time to time to perform work as

9  ordered by DEFENDANT for more than five (5) hours during some shifts without receiving a

10  meal break. Further, DEFENDANT from time to time fails to provide PLAINTIFF and

11  CALIFORNIA CLASS Members with a second off-duty meal period for some workdays in

12  which these employees are required by DEFENDANT to work ten (10) hours of work.

13  PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeit meal breaks

14  without additional compensation and in accordance with DEFENDANT's corporate policy and

15  practice.

16      12. During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other

17  CALIFORNIA CLASS Members are also required from time to time to work in excess of four

18  (4) hours without being provided ten (10) minute rest periods. Further, these employees are

19  denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two

20  (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes

21  for some shifts worked of between six (6) and eight (8) hours from time to time, and a first,

22  second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours

23  or more from time to time. PLAINTIFF and other CALIFORNIA CLASS Members are also

24  not provided with one hour wages in lieu thereof. Additionally, the applicable California Wage

25  Order requires employers to provide employees with off-duty rest periods, which the California

26  Supreme Court defined as time during which an employee is relieved from all work related

27  duties and free from employer control. In so doing, the Court held that the requirement under

28  California law that employers authorize and permit all employees to take rest period means that

employers must relieve employees of all duties and relinquish control over how employees spend their time which includes control over the locations where employees may take their rest period. Employers cannot impose controls that prohibit an employee from taking a brief walk - five minutes out, five minutes back. Here, DEFENDANT's policy restricts PLAINTIFF and other CALIFORNIA CLASS Members from unconstrained walks and is unlawful based on DEFENDANT's rule which states PLAINTIFF and other CALIFORNIA CLASS Members cannot leave the work premises during their rest period.

13.     During the CALIFORNIA CLASS PERIOD, DEFENDANT fails to accurately record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual amount of time these employees work. Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT is required to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, meaning the time during which an employee was subject to the control of an employer, including all the time the employee was permitted or suffered to permit this work. DEFENDANT requires these employees to work off the clock without paying them for all the time they are under DEFENDANT's control. As such, DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS are under compensated for all time worked. As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeit time worked by working without their time being accurately recorded and without compensation at the applicable minimum wage and overtime wage rates. To the extent that the time worked off the clock does not qualify for overtime premium payment, DEFENDANT fails to pay minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1.

14.     From time to time, DEFENDANT also fails to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time

worked at each hourly rate.  Specifically, DEFENDANT violated Section 226 by failing to identify the correct rates of pay and number of hours worked, including for the "QCI Payout," "QCI Overtime," "Special Pay," and "Discretionary" items of pay, which are wage payments. Aside, from the violations listed above in this paragraph, DEFENDANT fails to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, DEFENDANT from time to time provides PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

15.    DEFENDANT intentionally and knowingly fails to reimburse and indemnify PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses incurred by PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT.  Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment.  Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

16.    In the course of their employment PLAINTIFF and other CALIFORNIA CLASS Members as a business expense, are required by DEFENDANT to use their own personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones for DEFENDANT's benefit. As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to costs related to the use of their personal cellular phones, on behalf of and for the benefit of DEFENDANT.

17.    Specifically as to PLAINTIFF, DEFENDANT fails to provide all the legally

required off-duty meal and rest breaks to him as required by the applicable Wage Order and Labor Code and failed to pay him all minimum and overtime wages due to him. DEFENDANT does not have a policy or practice which provided timely off-duty meal and rest breaks to PLAINTIFF and also fails to compensate PLAINTIFF for his missed meal and rest breaks. The nature of the work performed by the PLAINTIFF does not prevent him from being relieved of all of his duties for the legally required off-duty meal periods. As a result, DEFENDANT's failure to provide PLAINTIFF with the legally required meal periods is evidenced by DEFENDANT's business records. The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

## JURISDICTION AND VENUE

18.    This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

19.    Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because PLAINTIFF worked in this County for DEFENDANT and DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS.

## THE CALIFORNIA CLASS

20.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as

determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

21.    To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

22.    DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to record all meal and rest breaks missed by PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permits or suffers to permit this work.

23.    DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid accurately for all meal and rest breaks missed as required by California laws. The DEFENDANT, however, as a matter of policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid as required by law.    This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, et seq. (the "UCL") as causation, damages, and reliance are not elements of this claim.

24.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

25.    DEFENDANT violated the rights of the CALIFORNIA CLASS under California law by:

(a)    Committing an act of unfair competition in violation of , Cal. Bus. & Prof. Code §§ 17200, et seq. (the "UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures

that failed to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked, including minimum wages owed and overtime wages owed for work performed by these employees;

(b) Committing an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with the legally required meal and rest periods; and,

(c) Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFFS and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties.

26.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a) The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b) Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply to every member of the CALIFORNIA CLASS;

(c) The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFF, like all the other members of the CALIFORNIA CLASS, was classified as a non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's deceptive practice and policy which failed to provide the legally required meal and rest periods to the CALIFORNIA CLASS and thereby underpaid compensation to PLAINTIFF and CALIFORNIA CLASS. PLAINTIFF sustained economic injury as a result of

1  DEFENDANT's employment practices. PLAINTIFF and the members of

2  the CALIFORNIA CLASS were and are similarly or identically harmed

3  by the same unlawful, deceptive, and unfair misconduct engaged in by

4  DEFENDANT; and,

5  (d)  The representative PLAINTIFF will fairly and adequately represent and

6  protect the interest of the CALIFORNIA CLASS, and has retained

7  counsel who are competent and experienced in Class Action litigation.

8  There are no material conflicts between the claims of the representative

9  PLAINTIFF and the members of the CALIFORNIA CLASS that would

10  make class certification inappropriate.  Counsel for the CALIFORNIA

11  CLASS will vigorously assert the claims of all CALIFORNIA CLASS

12  Members.

13  27.  In addition to meeting the statutory prerequisites to a Class Action, this action is

14  properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

15  (a)  Without class certification and determination of declaratory, injunctive,

16  statutory and other legal questions within the class format, prosecution of

17  separate actions by individual members of the CALIFORNIA CLASS will

18  create the risk of:

19  1)  Inconsistent or varying adjudications with respect to individual

20  members of the CALIFORNIA CLASS which would establish

21  incompatible standards of conduct for the parties opposing the

22  CALIFORNIA CLASS; and/or,

23  2)  Adjudication with respect to individual members of the

24  CALIFORNIA CLASS which would as a practical matter be

25  dispositive of interests of the other members not party to the

26  adjudication or substantially impair or impede their ability to

27  protect their interests.

28  (b)  The parties opposing the CALIFORNIA CLASS have acted or refused to

11

CLASS ACTION COMPLAINT

act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT failed to pay all wages due to members of the CALIFORNIA CLASS as required by law;

1) With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c) Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A. Inconsistent or varying adjudications with respect to

12

individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

    B.    Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

    3)    In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

    4)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

28.    This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

    (a)    The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are applied with respect to the CALIFORNIA CLASS;

    (b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial

13

number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c) The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d) PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f) There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g) DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h) The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i) Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

29. DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been intentionally subjected to

14

DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

### THE CALIFORNIA LABOR SUB-CLASS

30.    PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth and Seventh causes Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT in California (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382. The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

31.    DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate compensation for the time worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS and reporting time wages owed to these employees, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work. DEFENDANT has denied these CALIFORNIA LABOR SUB-CLASS Members wages to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit. To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

32.    DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged.

PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

33.     The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

34.     Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

        (a)     Whether DEFENDANT unlawfully failed to correctly calculate and pay compensation due to members of the CALIFORNIA LABOR SUB-CLASS for missed meal and rest breaks in violation of the California Labor Code and California regulations and the applicable California Wage Order;

        (b)     Whether DEFENDANT failed to provide the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

        (c)     Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

        (d)     The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

        (e)     Whether DEFENDANT's conduct was willful.

35.     DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

        (a)     Violating Cal. Lab. Code §§ 510, *et seq.*, by failing to correctly pay the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS all wages due for overtime worked, for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

        (b)     Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by failing to accurately pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wage pay for which

DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

(c)    Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing the corresponding correct amount of wages earned by the employee;

(d)    Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required off-duty rest breaks;

(e)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment; and,

(f)    Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members with necessary expenses incurred in the discharge of their job duties.

36.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply to every member of the CALIFORNIA LABOR SUB-CLASS;

17

(c)     The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all the other members of the CALIFORNIA LABOR SUB-CLASS, was a non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's practice and policy which failed to pay the correct amount of wages due to the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive, and unfair misconduct engaged in by DEFENDANT; and,

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

37.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)     Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties

18

opposing the CALIFORNIA LABOR SUB-CLASS; or,

2) Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b) The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT fails to pay all wages due. Including the correct wages for all time worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c) Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative

19

litigation that would create the risk of:

    A.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

    B.    Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

    3)    In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

    4)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

38.    This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

    (a)    The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

    (b)    A Class Action is superior to any other available method for the fair and

20

efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)     The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d)     PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)     The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members who worked for DEFENDANT in California at any time during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

## FIRST CAUSE OF ACTION

### For Unlawful Business Practices

### [Cal. Bus. And Prof. Code §§ 17200, *et seq.*]

### (By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)

39.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

40.     DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

41.     California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.   Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

42.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 204, 210, 226.7, 510, 512, 1194, 1197, 1197.1, 1198 & 2802, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus.

22

1 & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute

2 unfair competition, including restitution of wages wrongfully withheld.

3       43.    By the conduct alleged herein, DEFENDANT's practices were unlawful and

4 unfair in that these practices violate public policy, were immoral, unethical, oppressive,

5 unscrupulous or substantially injurious to employees, and were without valid justification or

6 utility for which this Court should issue equitable and injunctive relief pursuant to Section

7 17203 of the California Business & Professions Code, including restitution of wages wrongfully

8 withheld.

9       44.    By the conduct alleged herein, DEFENDANT's practices were deceptive and

10 fraudulent in that DEFENDANT's policy and practice failed to provide the legally mandated

11 meal and rest periods, the required amount of compensation for missed meal and rest periods

12 and overtime and minimum wages owed, failed to timely pay wages, and failed to reimburse

13 al necessary business expenses incurred, due to a business practice that cannot be justified,

14 pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in

15 violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive

16 and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages

17 wrongfully withheld.

18       45.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

19 unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the

20 other members of the CALIFORNIA CLASS to be underpaid during their employment with

21 DEFENDANT.

22       46.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

23 unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to provide

24 all legally required meal breaks to PLAINTIFF and the other members of the CALIFORNIA

25 CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

26       47.    Therefore, PLAINTIFF demands on behalf of himself and on behalf of each

27 CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty

28 meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay

1  for each workday in which a second off-duty meal period was not timely provided for each ten
2  (10) hours of work.

3        48.    PLAINTIFF further demands on behalf of himself and each member of the
4  CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which an off
5  duty paid rest period was not timely provided as required by law.

6        49.    By and through the unlawful and unfair business practices described herein,
7  DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the
8  other members of the CALIFORNIA CLASS, including earned wages for all time worked, and
9  has deprived them of valuable rights and benefits guaranteed by law and contract, all to the
10  detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT
11  to unfairly compete against competitors who comply with the law.

12        50.    All the acts described herein as violations of, among other things, the Industrial
13  Welfare Commission Wage Orders, the California Code of Regulations, and the California
14  Labor Code, were unlawful and in violation of public policy, were immoral, unethical,
15  oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and
16  deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, et seq.

17        51.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,
18  and do, seek such relief as may be necessary to restore to them the money and property which
19  DEFENDANT has acquired, or of which PLAINTIFF and the other members of the
20  CALIFORNIA CLASS have been deprived, by means of the above described unlawful and
21  unfair business practices, including earned but unpaid wages for all time worked.

22        52.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further
23  entitled to, and do, seek a declaration that the described business practices are unlawful, unfair
24  and deceptive, and that injunctive relief should be issued restraining DEFENDANT from
25  engaging in any unlawful and unfair business practices in the future.

26        53.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain,
27  speedy and/or adequate remedy at law that will end the unlawful and unfair business practices
28  of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.

1   As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the
2   other members of the CALIFORNIA CLASS have suffered and will continue to suffer
3   irreparable legal and economic harm unless DEFENDANT is restrained from continuing to
4   engage in these unlawful and unfair business practices.

5

6                            **SECOND CAUSE OF ACTION**
7                          **For Failure To Pay Minimum Wages**
8                      **[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**
9              **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**
10                       **and Against All Defendants)**

11        54.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-
12   CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior
13   paragraphs of this Complaint.

14        55.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS
15   bring a claim for DEFENDANT's willful and intentional violations of the California Labor
16   Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to
17   accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS
18   Members.

19        56.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and
20   public policy, an employer must timely pay its employees for all hours worked.

21        57.    Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the
22   commission is the minimum wage to be paid to employees, and the payment of a less wage than
23   the minimum so fixed in unlawful.

24        58.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,
25   including minimum wage compensation and interest thereon, together with the costs of suit.

26        59.    DEFENDANT maintained a wage practice of paying PLAINTIFF and the other
27   members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of
28   time they work. As set forth herein, DEFENDANT's policy and practice was to unlawfully and

1 intentionally deny timely payment of wages due to PLAINTIFF and the other members of the
2 CALIFORNIA LABOR SUB-CLASS.

3     60.    DEFENDANT's unlawful wage and hour practices manifested, without
4 limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of
5 implementing a policy and practice that denies accurate compensation to PLAINTIFF and the
6 other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

7     61.    In committing these violations of the California Labor Code, DEFENDANT
8 inaccurately calculated the correct time worked and consequently underpaid the actual time
9 worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS.
10 DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other
11 benefits in violation of the California Labor Code, the Industrial Welfare Commission
12 requirements and other applicable laws and regulations.

13     62.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein,
14 PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not
15 receive the correct minimum wage compensation for their time worked for DEFENDANT.

16     63.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT
17 required, permitted or suffered PLAINTIFF and CALIFORNIA LABOR SUB-CLASS
18 Members to work without paying them for all the time they were under DEFENDANT's control.
19 During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other
20 members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they
21 were entitled to, constituting a failure to pay all earned wages.

22     64.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned
23 compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-
24 CLASS for the true time they worked, PLAINTIFF and the other members of the
25 CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic
26 injury in amounts which are presently unknown to them and which will be ascertained
27 according to proof at trial.

28     65.    DEFENDANT knew or should have known that PLAINTIFF and the other

1    members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time

2    worked.  DEFENDANT elected, either through intentional malfeasance or gross nonfeasance,

3    to not pay employees for their labor as a matter of company policy, practice and procedure, and

4    DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members

5    of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

6        66.    In performing the acts and practices herein alleged in violation of California labor

7    laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for

8    all time worked and provide them with the requisite compensation, DEFENDANT acted and

9    continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other

10   members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for

11   their legal rights, or the consequences to them, and with the despicable intent of depriving them

12   of their property and legal rights, and otherwise causing them injury in order to increase

13   company profits at the expense of these employees.

14       67.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

15   therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as

16   well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided

17   by the California Labor Code and/or other applicable statutes.  To the extent minimum wage

18   compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members

19   who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§

20   201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties

21   under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these

22   CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein

23   was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA

24   LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

25   ///

26   ///

27   ///

28   ///

1

2

3

4

5

**THIRD CAUSE OF ACTION**

**For Failure To Pay Overtime Compensation**

**[Cal. Lab. Code §§ 510, *et seq.*]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

**Defendants)**

6       68.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

7   reallege and incorporate by this reference, as though full set forth herein, the prior paragraphs

8   of this Complaint.

9       69.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

10   bring a claim for DEFENDANT's willful and intentional violations of the California Labor

11   Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to pay

12   these employees for all overtime worked, including, work performed in excess of eight (8)

13   hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any

14   workweek.

15       70.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

16   public policy, an employer must timely pay its employees for all hours worked.

17       71.     Cal. Lab. Code § 510 further provides that employees in California shall not be

18   employed more than eight (8) hours per workday and more than forty (40) hours per workweek

19   unless they receive additional compensation beyond their regular wages in amounts specified

20   by law.

21       72.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

22   including minimum wage and overtime compensation and interest thereon, together with the

23   costs of suit.  Cal. Lab. Code § 1198 further states that the employment of an employee for

24   longer hours than those fixed by the Industrial Welfare Commission is unlawful.

25       73.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and

26   CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by

27   DEFENDANT to work for DEFENDANT and were not paid for all the time they worked,

28   including overtime work.

28

CLASS ACTION COMPLAINT

74.    DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that failed to accurately record overtime worked by PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members and denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime worked, including, the overtime work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

75.    In committing these violations of the California Labor Code, DEFENDANT inaccurately recorded overtime worked and consequently underpaid the overtime worked by PLAINTIFF and other CALIFORNIA LABOR-SUB CLASS Members. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

76.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full compensation for overtime worked.

77.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law. None of these exemptions are applicable to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. Further, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint. Rather, PLAINTIFF brings this Action on behalf of himself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waiveable rights provided by the State of California.

78.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have been paid less for overtime worked that they are entitled to, constituting a failure to pay all earned wages..

1      79.    DEFENDANT failed to accurately pay the PLAINTIFF and the other members

2  of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which

3  was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510,

4  1194 & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR

5  SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT

6  failed to accurately record and pay as evidenced by DEFENDANT's business records and

7  witnessed by employees.

8      80.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

9  compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

10  CLASS for the true amount of time they worked, PLAINTIFF and the other members of the

11  CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic

12  injury in amounts which are presently unknown to them and which will be ascertained

13  according to proof at trial.

14      81.    DEFENDANT knew or should have known that PLAINTIFF and the other

15  members of the CALIFORNIA LABOR SUB-CLASS were under compensated for all overtime

16  worked. DEFENDANT elected, either through intentional malfeasance or gross nonfeasance,

17  to not pay employees for their labor as a matter of company policy, practice and procedure, and

18  DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members

19  of the CALIFORNIA LABOR SUB-CLASS for overtime worked.

20      82.    In performing the acts and practices herein alleged in violation of California labor

21  laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for

22  all overtime worked and provide them with the requisite overtime compensation, DEFENDANT

23  acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and

24  the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter

25  disregard for their legal rights, or the consequences to them, and with the despicable intent of

26  depriving them of their property and legal rights, and otherwise causing them injury in order

27  to increase company profits at the expense of these employees.

28      83.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

therefore request recovery of all overtime wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent minimum and/or overtime compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith. Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

### FOURTH CAUSE OF ACTION

**For Failure to Provide Required Meal Periods**

**[Cal. Lab. Code §§ 226.7 & 512 ]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

84.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

85.    During the CALIFORNIA CLASS PERIOD, DEFENDANT from time to time failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code. The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time not fully relieved of duty by DEFENDANT for their meal periods. Additionally, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

1    Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced

2    by DEFENDANT's business records from time to time.  Further, DEFENDANT failed to

3    provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period

4    in some workdays in which these employees were required by DEFENDANT to work ten (10)

5    hours of work from time to time.  As a result, PLAINTIFF and other members of the

6    CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional

7    compensation and in accordance with DEFENDANT's corporate policy and practice.

8         86.    DEFENDANT further violates California Labor Code §§ 226.7 and the applicable

9    IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-

10   CLASS Members who were not provided a meal period, in accordance with the applicable

11   Wage Order, one additional hour of compensation at each employee's regular rate of pay for

12   each workday that a meal period was not provided.

13        87.    As a proximate result of the aforementioned violations, PLAINTIFF and

14   CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

15   to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

16   suit.

17                          **FIFTH CAUSE OF ACTION**

18                    **For Failure to Provide Required Rest Periods**

19                       **[Cal. Lab. Code §§ 226.7 & 512 ]**

20        **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

21                              **Defendants)**

22        88.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

23   reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

24   of this Complaint.

25        89.    PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from

26   time to time required to work in excess of four (4) hours without being provided ten (10) minute

27   rest periods.  Further, these employees from time to time were denied their first rest periods of

28   at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and

                                      32

1  second rest period of at least ten (10) minutes for some shifts worked of between six (6) and

2  eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some

3  shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other

4  CALIFORNIA LABOR SUB-CLASS Members were also not provided with one hour wages

5  in lieu thereof.   As a result of their rigorous work schedules, PLAINTIFF and other

6  CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest

7  periods by DEFENDANT and DEFENDANT's managers.

8      90.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable

9  IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-

10  CLASS Members who were not provided a rest period, in accordance with the applicable Wage

11  Order, one additional hour of compensation at each employee's regular rate of pay for each

12  workday that rest period was not provided.

13      91.    As a proximate result of the aforementioned violations, PLAINTIFF and

14  CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

15  to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

16  suit.

17  ## SIXTH CAUSE OF ACTION

18  **For Failure to Provide Accurate Itemized Statements**

19  **[Cal. Lab. Code § 226]**

20  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

21  **Defendants)**

22      92.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

23  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

24  paragraphs of this Complaint.

25      93.    Cal. Labor Code § 226 provides that an employer must furnish employees with

26  an "accurate itemized" statement in writing showing:

27      (1) gross wages earned,
    (2) total hours worked by the employee, except for any employee whose
28      compensation is solely based on a salary and who is exempt from payment of

33

overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,
(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,
(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,
(5) net wages earned,
(6) the inclusive dates of the period for which the employee is paid,
(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,
(8) the name and address of the legal entity that is the employer, and
(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

94.     From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. Specifically, DEFENDANT violated Section 226 by failing to identify the correct rates of pay and number of hours worked, including for the "QCI Payout," "QCI Overtime," "Special Pay," and "Discretionary" items of pay, which are wage payments. Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, DEFENDANT from time to time provided PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with wage statements which violated Cal. Lab. Code § 226.

95.     DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs expended calculating the correct wages for all missed meal and rest breaks and the amount of employment taxes which were not properly paid to state and federal tax authorities.

1    These damages are difficult to estimate.  Therefore, PLAINTIFF and the other members of

2    the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty

3    dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred

4    dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code §

5    226, in an amount according to proof at the time of trial (but in no event more than four

6    thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the

7    CALIFORNIA LABOR SUB-CLASS herein).

8

9    **SEVENTH CAUSE OF ACTION**

10    **For Failure to Reimburse Employees for Required Expenses**

11    **[Cal. Lab. Code § 2802]**

12    **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

13    **Defendants)**

14    96.    PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members

15    reallege and incorporate by this reference, as though fully set forth herein, the prior

16    paragraphs of this Complaint.

17    97.    Cal. Lab. Code § 2802 provides, in relevant part, that:

18    An employer shall indemnify his or her employee for all necessary
expenditures or losses incurred by the employee in direct consequence of the

19    discharge of his or her duties, or of his or her obedience to the directions of
the employer, even though unlawful, unless the employee, at the time of

20    obeying the directions, believed them to be unlawful.

21    98.    At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802,

22    by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-

23    CLASS members for required expenses incurred in the discharge of their job duties for

24    DEFENDANT's benefit.  DEFENDANT fails to reimburse PLAINTIFF and the

25    CALIFORNIA LABOR SUB-CLASS members for expenses which include, but are not

26    limited to, costs related to using their personal cellular phones all on behalf of and for the

27    benefit of DEFENDANT.  DEFENDANT's policy, practice and procedure is to not

28

reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses resulting from using their personal cellular phones for DEFENDANT within the course and scope of their employment for DEFENDANT. These expenses are necessary to complete their principal job duties. These expenses are necessary to complete their principal job duties. DEFENDANT is estopped by DEFENDANT's conduct to assert any waiver of this expectation. Although these expenses are necessary expenses incurred by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT fails to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

99. PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by him and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the CALIFORNIA CLASS:

   A) That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

   B) An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

   C) An order requiring DEFENDANT to pay all wages and all sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

   D) Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2. On behalf of the CALIFORNIA LABOR SUB-CLASS:

A) That the Court certify the Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

B) Compensatory damages, according to proof at trial, including compensatory damages for minimum and overtime compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

C) The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

D) Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and the applicable IWC Wage Order;

E) The amount of the expenses PLAINTIFFS and each member of the CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit; and,

E) For liquidated damages pursuant to California Labor Code Sections 1194.2 and 1197.

4. On all claims:

A) An award of interest, including prejudgment interest at the legal rate;

B) Such other and further relief as the Court deems just and equitable; and,

C) An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §226, §1194, and/or

///

///

///

1    §2802.

2

3    Dated: October 20, 2020              BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

4

5

6                                        By:

7                                            Norman B. Blumenthal
                                             Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR A JURY TRIAL

2     PLAINTIFF demands a jury trial on issues triable to a jury.

3

4   Dated: October 20, 2020          BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

5

6

7                                    By: _____
                                           Norman B. Blumenthal
8                                          Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

|   |   |
|---|---|
| **DATE:** | **MAR-24-2021** |
| **TIME:** | **10:30AM** |
| **PLACE:** | **Department 610** |
|  | **400 McAllister Street** |
|  | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

### ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.



# Superior Court of California, County of San Francisco
## Alternative Dispute Resolution
## Information Package



> The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

## WHY CHOOSE ADR?

It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**\*\*Electing to participate in an ADR process does not stop the time period to respond to a complaint or cross-complaint\*\***

## WHAT ARE THE ADR OPTIONS?

The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

## 1) MANDATORY SETTLEMENT CONFERENCES

Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF),** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

**(B) JUDICIAL MEDIATION PROGRAM** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

**(D) COMMUNITY BOARDS MEDIATION SERVICES:** Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

## 3) ARBITRATION

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

### (A) JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

### (B) PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)

FOR COURT USE ONLY

ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
400 McAllister Street
San Francisco, CA 94102-4514

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER. _____ |
| | DEPARTMENT 610 |

1) **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days   ☐ 90-120 days   ☐ Other (please specify) _____

☐ **Other ADR process (describe)** _____

2) The parties agree that the ADR Process shall be completed by (date): ___ _____

3) Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____
Name of Party Stipulating

_____
Name of Party or Attorney Executing Stipulation

_____
Signature of Party or Attorney

☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant

Dated:

_____
Name of Party Stipulating

_____
Name of Party or Attorney Executing Stipulation

_____
Signature of Party or Attorney

☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant

Dated:

☐ *Additional signature(s) attached*

## 3) ARBITRATION

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

### (A) JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

### (B) PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. <u>YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS.  THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.</u>

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, STATE BAR NUMBER, AND ADDRESS): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO | |
| 400 McAllister Street | |
| San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER _____ |
|---|---|
| | DEPARTMENT 610 |

**1)** **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days    ☐ 90-120 days    ☐ Other (please specify) _____

☐ **Other ADR process (describe)** _____

**2)** The parties agree that the ADR Process shall be completed by (date): _____

**3)** Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____      _____
Name of Party Stipulating                            Name of Party Stipulating

_____      _____
Name of Party or Attorney Executing Stipulation      Name of Party or Attorney Executing Stipulation

_____      _____
Signature of Party or Attorney                        Signature of Party or Attorney

☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant      ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Dated:                                              Dated:

☐ *Additional signature(s) attached*

STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Norman B. Blumenthal    (Bar # 68687)
Kyle Nordrehaug    (Bar # 205975)
Blumenthal Nordrehaug Bhowmik De Blouw LLP
2255 Calle Clara, La Jolla, CA 92037
TELEPHONE NO.: (858) 551-1223          FAX NO.: (858) 551-1232
ATTORNEY FOR (Name): Plaintiff Willie Austin, Jr.

**ENDORSED**
**FILED**
San Francisco County Superior Court

OCT 21 2020

CLERK OF THE COURT
By: _____
BOWMAN LIU
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS: 400 McAllister St.
CITY AND ZIP CODE: San Francisco 94102-4514
BRANCH NAME: Central

CASE NAME:
WILLIE AUSTIN, JR. v. SAFELITE FULFILLMENT, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CGC-20-587314 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[X] monetary  b.[X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): SEVEN (7)
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 20, 2020

Norman Blumenthal
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability (*not asbestos or
  toxic/environmental*) (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   (*not medical or legal*)
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract (*not unlawful detainer
   or wrongful eviction*)
  Contract/Warranty Breach–Seller
   Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
   domain, landlord/tenant, or
   foreclosure*)
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)
**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment (*non-
   domestic relations*)
  Sister State Judgment
  Administrative Agency Award
   (*not unpaid taxes*)
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case
**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
   harassment*)
  Mechanics Lien
  Other Commercial Complaint
   Case (*non-tort/non-complex*)
  Other Civil Complaint
   (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
   Claim
  Other Civil Petition

*LexisNexis® Automated California Judicial Council Forms*

EXHIBIT 2

1

CDF LABOR LAW LLP
    M. Leah Cameron, State Bar No. 274637
    lcameron@cdflaborlaw.com
600 Montgomery Street, Suite 440
San Francisco, California 94111
Telephone: (415) 981-3233

2

3

4

5

Attorneys for Defendant
SAFELITE FULFILLMENT, INC.

6

7

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8

**COUNTY OF SAN FRANCISCO**

9

| | |
|---|---|
| WILLIE AUSTIN, JR., an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>             Plaintiff,<br><br>   v.<br><br>SAFELITE FULFILLMENT, INC., a, and DOES 1-50, inclusive,<br><br>             Defendants. | Case No.: CGC-20-587314<br><br>DEFENDANT SAFELITE FULFILLMENT, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT<br><br>Action Filed:      October 21, 2020 |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**GENERAL DENIAL**

Defendant Safelite Fulfillment, Inc. ("Safelite" or "Defendant") hereby answers the Complaint of Willie Austin, Jr. ("Plaintiff") as follows:

1.       Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure, Defendant denies, generally and specifically, each and every allegation of the Complaint and further denies, generally and specifically, that Plaintiff and the proposed class is entitled to damages or to any other relief whatsoever by reason of any act or omission on the part of Defendant.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendant hereby submits the following defenses to the Complaint filed by Plaintiff.  By pleading these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.   In addition, nothing stated herein is intended to or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

**FIRST DEFENSE**

1.       The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

**SECOND DEFENSE**

2.       The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statutes of limitations, including but not limited to, California Labor Code § 203, California Code of Civil Procedure §§ 337(1), 338(a), 339(1), 340(a), and 340(b), and California Business & Professions Code § 17208.

**THIRD DEFENSE**

3.        The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the doctrines of waiver, estoppel, and/or laches.

///

///

1

**FOURTH DEFENSE**

2       4.      The Complaint does not state facts sufficient to certify a class, this action is

3   not properly brought as a class or collective action, and a class or collective action is not a

4   superior method of adjudication.

5

**FIFTH DEFENSE**

6       5.      Plaintiff is not a proper representative of the class he purports to represent

7   and this action is not properly brought as a class or collective action.

8

**SIXTH DEFENSE**

9       6.      Plaintiff's cause of action claiming unfair business practices in violation of

10  California Business & Professions Code § 17200 is barred because it fails to plead specific

11  facts capable of stating a claim for unfair business practices.

12

**SEVENTH DEFENSE**

13      7.      Some or all of the claims contained in Plaintiff's Complaint are barred

14  because Plaintiff failed to exhaust his administrative remedies or prerequisites before filing

15  suit.

16

**EIGHTH DEFENSE**

17      8.      The Complaint, in whole or in part, should be abated in the Court's discretion,

18  and Plaintiff should be forced to pursue his administrative remedies with the California

19  Division of Labor Standards Enforcement, which has primary jurisdiction over Plaintiff's state

20  law claims.

21

**NINTH DEFENSE**

22      9.      Plaintiff is estopped by his own actions and conduct from asserting any cause

23  of action against Safelite.

24

**TENTH DEFENSE**

25      10.     Plaintiff has engaged in conduct and activity sufficient to constitute a waiver

26  of any right to assert the claims upon which he now seeks relief.

27  ///

1

**ELEVENTH DEFENSE**

2      11.      Pursuant to the Business & Professions Code § 17200, Plaintiff is not entitled

3 to an award of damages.

4

**TWELFTH DEFENSE**

5      12.      Plaintiff's claims are barred in whole or in part because of Safelite's

6 compliance with all applicable laws, statutes, and regulations, which constitutes a safe harbor

7 to any claim under California Business & Professions Code Sections 17200, *et seq.*

8

**THIRTEENTH DEFENSE**

9      13.      Plaintiff is unable to state a cause of action against Safelite because Plaintiff

10 consented to any and all actions allegedly taken by Safelite.

11

**FOURTEENTH DEFENSE**

12      14.      Plaintiff's purported causes of action in the Complaint fail to state facts

13 sufficient to entitle Plaintiff to an award of attorneys' fees in any amount.

14

**FIFTEENTH DEFENSE**

15      15.      Plaintiff's Complaint, and each cause of action therein, is barred by the

16 doctrine of unclean hands.

17

**SIXTEENTH DEFENSE**

18      16.      Some or all of the purported causes of action in the Complaint are subject to

19 setoff, offset, or recoupment.

20

**SEVENTEENTH DEFENSE**

21      17.      An award of penalties in this action would be unreasonable and/or oppressive

22 and would violate Safelite's due process and equal protection rights under the United States

23 Constitution and the California Constitution.

24

**EIGHTEENTH DEFENSE**

25      18.      Any violation of the California Labor Code was an act or omission made in

26 good faith, and Safelite had reasonable grounds for believing that the act or omission was not a

27 violation of the Labor Code.

1

<strong><u>NINETEENTH DEFENSE</u></strong>

2    19.    Plaintiff's claims are barred in whole or in part by reason of Defendant's

3 compliance with all applicable laws, statutes, and regulations.

4

<strong><u>TWENTIETH DEFENSE</u></strong>

5    20.    Plaintiff's claims are barred because the alleged conduct of Defendant was at

6 all times justified, fair, privileged, and undertaken in the good faith exercise of a valid

7 business purpose.

8

<strong><u>TWENTY-FIRST DEFENSE</u></strong>

9    21.    Plaintiff's claims are barred to the extent that any award in this action would

10 constitute unjust enrichment.

11

<strong><u>TWENTY-SECOND DEFENSE</u></strong>

12    22.    Plaintiff's claims are barred in whole or part to the extent that Plaintiffs seek a

13 multiple recovery for the same alleged wrong or wrongs.

14

<strong><u>TWENTY-THIRD DEFENSE</u></strong>

15    23.    Plaintiff's claims are barred in whole or in part to the extent that Plaintiff

16 failed to mitigate, minimize, or avoid the damages alleged in the Complaint.

17

<strong><u>TWENTY-FOURTH DEFENSE</u></strong>

18    24.    Safelite authorized and permitted Plaintiff to take all rest breaks required by

19 law, provided Plaintiff the opportunity to take all meal periods required by law, and

20 breached no duty owed to Plaintiff with respect thereto.

21

<strong><u>TWENTY-FIFTH DEFENSE</u></strong>

22    25.    This case is not appropriate for a collective or class action because Plaintiff is

23 not similarly situated to other members of the purported class.

24

<strong><u>TWENTY-SIXTH DEFENSE</u></strong>

25    26.    Plaintiff's claims are barred, in whole or in part, because Plaintiff did not

26 comply substantially with all the directions of Safelite concerning the service for which

27 Plaintiff was engaged pursuant to Cal. Labor Code § 2856.

1

**TWENTY-SEVENTH DEFENSE**

2      27.      The Complaint, and each purported cause of action in the Complaint, is barred

3  in whole or in part, by the doctrine of release, including but not limited to the release of claims

4  in the class action titled *Yadir Ontiveros v. Safelite Fulfillment, Inc.*, Case No. CV-15-7118-

5  DMG (ROAx) (C.D. Cal.) (Order and Final Judgment Granting Final Approval of Class Action

6  Settlement filed September 20, 2019).

7

**TWENTY-EIGHTH DEFENSE**

8      28.      Plaintiff's claims are barred, in whole or in part, because if Plaintiff suffered or

9  sustained any damage, injury, or detriment as alleged in the Complaint, such injury was caused

10  by Plaintiff's own conduct.

11

**TWENTY-NINTH DEFENSE**

12      29.      Safelite's conduct is not the sole and proximate cause of the alleged damages

13  and losses, if any. Any damages awarded to Plaintiff must be apportioned according to the

14  respective fault and legal responsibility of all parties, persons, and entities or their agents,

15  servants, and employees who contributed to and/or caused the alleged damages, if any,

16  according to the proof presented at the time of trial.

17

**THIRTIETH DEFENSE**

18      30.      Safelite is not liable for unfair business practices under California Business and

19  Professions Code Section 17200 *et seq.* because the benefits of Safelite's practices to Plaintiffs

20  and members of the class outweigh whatever particular harm or impact the practices allegedly

21  caused them.

22

**THIRTY-FIRST DEFENSE**

23      31.      Safelite is not liable for violation of unfair business practices pursuant to

24  California Business and Professions Code Section 17200 *et seq.* because its business

25  practices were not unfair, not deceptive, and not likely to mislead anyone.

26  ///

27  ///

**THIRTY-SECOND DEFENSE**

32.    Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to meet the burden of demonstrating a nexus between Safelite's alleged acts, conduct, or statements and any impact on the general public that Plaintiff purports to represent.

**THIRTY-THIRD DEFENSE**

33.    The relief requested by Plaintiff and proposed class members pursuant to California Business and Professions Code Sections 17200 *et seq.* is barred because the requested remedy of disgorgement is not available and imposition of such a remedy would violate Defendant's substantive and procedural due process rights under the California and United States Constitutions and the laws of the State of California.

**THIRTY-FOURTH DEFENSE**

34.    The relief requested by Plaintiff pursuant to California Business and Professions Code Section 17200 *et seq.* should be denied because Plaintiff has an adequate remedy at law.

**THIRTY-FIFTH DEFENSE**

35.    Plaintiff lacks standing to sue on behalf of the purposed class of others similarly situated with respect to the claimed injuries, or otherwise.

**THIRTY-SIXTH DEFENSE**

36.    The Complaint fails to state a claim for penalties under the California Labor Code in that (1) there was and is a bona fide, good faith dispute as to Safelite's obligations under any applicable Labor Code provisions; and (2) Safelite did not willfully fail to pay any wages.

**THIRTY-SEVENTH DEFENSE**

37.    The Complaint and each cause of action set forth therein fails to state a claim for declaratory and injunctive relief, fails to properly state a claim upon which prejudgment interest may be awarded, and further fails to state a claim for an award of liquidated damages, costs or attorneys' fees under applicable California law.

1

## THIRTY-EIGHTH DEFENSE

38.    Any unlawful or other wrongful acts of any person(s) employed by Safelite were outside the scope of his or her authority and such acts, if any, were not authorized, ratified, or condoned by Safelite, nor did Safelite know or have reason to be aware of such alleged conduct.

## THIRTY-NINTH DEFENSE

39.    To the extent Plaintiff incurred any expenses for which he seeks reimbursement, his reimbursement claims fails because such expenses were not reasonable or necessary to the performance of his employment.

## FORTIETH DEFENSE

40.    Plaintiff's reimbursement claims fail because Safelite has a process in place to request reimbursement, but Plaintiff failed to avail himself of it.

Because the court rules require this Answer at a time when discovery has not been commenced and certain facts have yet to be determined, Defendant expressly and specifically reserves the right to add, supplement, modify or withdraw affirmative defenses after information is gathered during discovery in compliance with the obligations contained in Civil Rule 11.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant prays for judgment as follows:

(1) for an order denying certification of the proposed class or classes;

(2) that Plaintiff's Complaint be dismissed in its entirety, with prejudice;

(3) that Plaintiff takes nothing by reason of the Complaint;

(4) that Defendant be awarded its costs of suit and reasonable attorneys' fees to the extent provided by law; and

(5) for such other and further relief as the Court may deem just and proper.

///

///

///

1   Dated: January 7, 2021                    CDF LABOR LAW LLP

2

3                                             _____
                                                        M. Leah Cameron
4                                             Attorneys for Defendant
                                              SAFELITE FULFILLMENT, INC.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

1

2

**PROOF OF SERVICE**

3        STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO.

4

5        I, the undersigned, declare that I am employed in the aforesaid County, State of
California. I am over the age of 18 and not a party to the within action. My business address is

6   600 Montgomery Street, Suite 440, San Francisco, CA 94111. On January 7, 2021, I served
upon the interested party(ies) in this action the following document described as:

7        **DEFENDANT SAFELITE FULFILLMENT, INC.'S ANSWER TO PLAINTIFF
WILLIE AUSTIN, JR.'S COMPLAINT**

8

9        By the following method:

10        Blumenthal Nordrehaug Bhowmik De Blouw LLP
Norman B. Blumenthal

11        Kyle R. Nordrehaug
Aparajit Bhowmik

12        Nicholas J. De Blouw
2255 Call Clara

13        La Jolla, CA 92037

14        Email: norm@bamlawca.com; kyle@bamlawca.com;
aj@bamlawca.com; nick@bamlawca.com

15

16        *Attorneys for Plaintiff*

17        For processing by the following method:

18   [X]  **(e-mail by court order)** Based on a court order, parties are to accept service by
electronic transmission, I caused the documents to be sent to the persons at the

19        electronic notification addresses listed above.

20        I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

21        Executed on January 7, 2021.

22

23   _____        _____
         Morgan Krutulis                              (Signature)

24        (Type or print name)

25

26

27

ANSWER TO CLASS ACTION COMPLAINT
10

# EXHIBIT 3

RICARDO EHMANN,  (SBN 320117)
BLUMENTHAL, NORDREHAUG & BHOWMIK
2255 CALLE CLARA
LA JOLLA, CA  92037
858-551-1223
Attorney for:  WILLIE AUSTIN, JR., ETC.
Atty. File No.:  2080

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**12/17/2020**
**Clerk of the Court**
BY: BOWMAN LIU
Deputy Clerk

SUPERIOR COURT OF CA., COUNTY OF SAN FRANCISCO

PLAINTIFF      : WILLIE AUSTIN, JR., ETC.                          Case No. : CGC-20-587314
DEFENDANT  : SAFELITE FULFILLMENT, ETC.                **PROOF OF SERVICE OF SUMMONS**

1.    At the time of service I was at least 18 years of age and not a party to this action.

2.    I served copies of the  SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; NOTICE TO
                                        PLAINTIFF; ALTERNATIVE DISPUTE RESOLUTION INFORMATION
                                        PACKAGE

3.    a.  Party Served    :  SAFELITE FULFILLMENT, INC., A CORPORATION
                                      C/O CSC-LAWYERS INCORPORATING SERVICE
       b.  Person Served  :  SUSIE VANG, INTAKE SPECIALIST
                                      (AUTHORIZED TO ACCEPT FOR CSC)

4.    Address where the party was served: 2710 GATEWAY OAKS DRIVE      SUITE 150N
                                                          SACRAMENTO, CA  95833   (Business)

5.    I served the party
       a.  **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to
             receive service of process for the party  (1) on  December 9, 2020  (2) at:  09:15 AM

6.    The "Notice to the person served" (on the summons) was completed as follows:
       c.    on behalf of:  SAFELITE FULFILLMENT, INC., A CORPORATION
                                  C/O CSC-LAWYERS INCORPORATING SERVICE
             under  [xx]  CCP 416.10   (corporation)

7.    **Person who served papers**
       a.  JOHN D. HOUSTON                               d.   Fee For Service :  $ 142.75
       b.  KNOX ATTORNEY SERVICE                    e.   I am
             2251 SAN DIEGO AVE. #A-120                       (3)   a registered California process server
             SAN DIEGO, CA 92110                                       (i)    an independent contractor
       c.  619-233-9700                                               (ii)   Registration No.:  508
                                                                                  (iii)  County:  YOLO, CA

8.    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date :  December  17,  2020                    Signature: _____
                                                                                          JOHN D. HOUSTON